In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-061 CR


 ______________________


 

NICOLE D. VICTORIA, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 2


Jefferson County, Texas


Trial Cause No. 251528






MEMORANDUM OPINION 


 This case was tried to the court after appellant waived a jury trial. The trial judge
convicted Nicole D. Victoria of assault, sentenced her to ninety days in jail "probated over
one year," and fined her $200. See Tex. Pen. Code Ann. § 22.01(a)(b) (Vernon Supp.
2006). She appeals the conviction. We affirm the trial court's judgment. 

 Victoria first argues the evidence is legally insufficient to support the conviction. She
maintains there is a variance between the information and the proof, and the variance is
prejudicial to her substantial rights. The information charges Victoria with "unlawfully
intentionally, knowingly, and recklessly caus[ing] bodily injury to [Gloria Barrera], by hitting
Complainant [Barrera] with her hand[.]" Victoria argues the evidence fails to show she
caused bodily injury to Barrera by this method. 

 In this legal sufficiency challenge, we consider all the evidence in the light most
favorable to the verdict and determine whether, based on that evidence and reasonable
inferences therefrom, a rational fact finder could have found the essential elements of the
crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781,
61 L.Ed.2d 560 (1979); Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We give
deference to the trier-of-fact to "'fairly resolve conflicts in [the] testimony, to weigh the
evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Id. at 13
(quoting Jackson, 443 U.S. at 319). 

 Barrera testified Victoria was at Barrera's apartment arguing with Barrera's 
boyfriend. Barrera came outside while the argument was ongoing. As Victoria was leaving,
she told Barrera, "I'll be back to kick your ass." Victoria indicated she was going to go get
her sister. Barrera then called her stepmother, Anita Lopez, and some friends. 

 Upon Victoria's return, Barrera and Victoria began arguing. Barrera testified she
could feel Victoria "touch me, pointing, saying you need to know." Barrera demonstrated
this "touching." She testified she felt threatened. At that point, Barrera slapped Victoria in
the face, and the fight ensued. 

 Barrera testified Victoria hit, choked and kicked her. However, Barrera also testified
she "couldn't be a hundred percent" sure that Victoria was hitting her "with the other hand
in the face." At another point, Barrera testified as follows:

 Q. [Prosecutor]: Okay. Okay. So, in your -- you know, in the heat of battle, if
you will, what do you think she was hitting you with her?

 A. [Complainant]: Her hand.

 Q. Her hand?

 A: Her hand, yeah. She's pretty strong.


On appeal, Victoria relies on other portions of Barrera's testimony where Barrera seemed
uncertain about being hit with Victoria's hand and uncertain as to how the fight began. At
one point, Barrera acknowledged the statement she made to police indicates she touched
Victoria first. Barrera clarified by saying "[a]fter she touched me, I slapped her." 

 Another witness, Officer Flores, testified he was dispatched to the scene of the
"disturbance." He indicated that upon his arrival, Barrera told him Victoria, the ex-girlfriend
of Barrera's boyfriend, attacked Barrera. As explained by the officer, Barrera's statement
to the police -- which was not offered into evidence separately -- described how Victoria
lunged at Barrera, Barrera pushed Victoria back, and Victoria struck Barrera. Flores also
indicated Barrera's statement recounted that Barrera was the first person touched, and after
that, the pushing occurred.

 Anita Lopez, the complainant's stepmother, was at the scene during the fight. Though
Lopez's testimony is confusing at times, she testified Victoria was "pounding on [the
complainant's] chest first. She [Victoria] made the first body contact." 

 The witnesses' testimony is conflicting regarding the "hitting." As the trier of fact in
this case, the trial judge was free to resolve any conflicts in the evidence and to believe 
Lopez's testimony that Victoria first pounded on Barrera's chest, and Barrera's testimony
that Victoria hit her with her hand. The trial judge heard testimony establishing why Victoria
returned with her sister. Further, the record contains testimony concerning Barrera's bodily
injuries stemming from the attack and three photographs depicting injuries consistent with
being hit in the face with a hand. Considering the evidence in the light most favorable to the
verdict, the trial judge could have found Victoria hit Barrera with her hand and caused bodily
injury. We overrule issue one. 

 In issue two, Victoria argues the trial court erroneously admitted hearsay evidence
over counsel's timely objection. "We review a trial court's decision to admit evidence over
appellant's objection under an abuse-of-discretion standard." Apolinar v. State, 155 S.W.3d
184, 186 (Tex. Crim. App. 2005). There is no abuse of discretion unless the decision lies
outside the zone of reasonable disagreement. Id.

 Victoria objected on hearsay grounds to Officer Flores's testimony regarding
Barrera's at-the-scene comments. The State relied on the "present sense impression"
exception to the hearsay rule. See Tex. R. Evid. 803(1) (Present sense impression is a
"statement describing or explaining an event or condition made while the declarant was
perceiving the event or condition, or immediately thereafter."). We need not address the
"present sense impression" exception because Officer Flores's testimony falls under the 
"excited utterance exception." See Tex. R. Evid. 803(2) (Excited utterance is a "statement
relating to a startling event or condition made while the declarant was under the stress of
excitement caused by the event or condition."). If the trial court's ruling is correct on any
theory of the law applicable to the case and is supported by the record, the ruling will be
sustained. See Armendariz v. State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003) (citing
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990)). 

 Factors under "excited utterance" include the length of time between the occurrence
and the statement, the declarant's demeanor, whether the statement is made in response to
a question, and whether the statement is self-serving. Apolinar, 155 S.W.3d at 190. "The
critical determination is 'whether the declarant was still dominated by the emotions,
excitement, fear, or pain of the event' or condition at the time of the statement." Zuliani v.
State, 97 S.W.3d 589, 596 (Tex. Crim. App. 2003) (quoting McFarland v. State, 845 S.W.2d
824, 846 (Tex. Crim. App. 1992)). 

 Officer Lopez testified he responded to a call about a disturbance. Upon arriving at
the scene he spoke with Barrera, and she was "very upset, as if she'd just been involved in
a disturbance." The call to the police occurred sometime during or after the fight. At the
scene, the officer observed Barrera had injuries. The communication at this point was oral;
once Flores talked with Barrera, he left a witness statement to be filled out. In orally
describing the incident to the officer, Barrera told him she "was in a fight with her current
boyfriend's ex-girlfriend." She stated that the ex-girlfriend (Victoria) attacked her, struck
her with a closed fist, and grabbed her around the neck. Although the record does not reveal
the length of time between the attack and Barrera's communication with the officer at the
scene, the time lapse appears to be relatively short. Importantly, when Flores spoke with
Barrera, she was still "very upset" and under the stress of the events. The evidence
reasonably suggests Barrera was still dominated by the emotions, excitement, fear, or pain
of the event or condition at the time she spoke with Officer Flores. Because the trial court's
admission of the evidence would be correct under the "excited utterance" exception to the
hearsay rule, we hold the trial court did not abuse its discretion in admitting the evidence. (1)
 
 See generally Wall v. State, 184 S.W.3d 730, 734-45 (Tex. Crim. App. 2006) (discussion of
interplay between excited utterance exception to hearsay rule and confrontation clause
violations). 

 The judgment is affirmed. 

 AFFIRMED. 

 

 DAVID GAULTNEY

 Justice


Submitted on May 17, 2007

Opinion Delivered July 25, 2007

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.
1. Similar evidence came in elsewhere without objection. Barrera testified elsewhere
that Victoria hit her, choked her, and kicked her. Barrera's stepmother, Anita Lopez,
witnessed the fight. Though her testimony, like that of Barrera, is conflicting, she stated
Victoria "actually was pounding on [Barrera's] chest first. She [Victoria] made the first body
contact. . . . [Victoria] pounded on [Barrera's] chest." When the same or similar evidence
is admitted without objection at another point in the trial, harmful error is not presented. See
Leday v. State, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998).